Brinkerhoff, C. J.
This cause was reserved at the April term of the Hamilton district court for 'the decision of the questions arising upon demurrer to the answer. In the common pleas this demurrer had been overruled, and judgment rendered for the defendants, whereupon the plaintiff appealed.
Finnell, the plaintiff, graded Colerain avenue, in the village of College Hill, under an ordinance of the village council. The defendants are owners of lands bounding on the avenue. The council, by ordinance, assessed the premises of the defendants at the rate of one dollar ninety-eight cents six and one-half mills per foot front on the avenue, payable to the plaintiff, to defray the expense of the plaintiff’s work. The ordinances, and other action of the village authorities, together with the contract with Finnell, are set out in the pleadings, and are claimed to have been fatally defective in one particular. The relief sought by the petition was the sale of the land to pay the assessment.
It does not appear that any damages resulting from the improvement were included in the assessment.
The answer avers, as a defence, that the municipal corporation did not cause notice to be given of their determination to improve the avenue, by publication for four consecutive weeks in some newspaper of general circulation therein.
The plaintiff demurs, denying that the statute under the provisions of which the proceedings were had and the work was done, required such publication as a condition precedent to the liability of the property-owners.
It is claimed in behalf of the defendants, that the case of Welker v. Potter, 18 Ohio St. 85, is conclusive of the ques *407 tion here made. We do not think so. The question made in that case depended on the construction of the act of April 5,1866, which has no reference to village corporations, and relates solely to certain cities of the first class; while the proceedings out of which the case before us arises are governed by the act of February 21,1866. The language of the two acts, bearing on the question of notice as a condition precedent to the authority to lay an assessment, is by no means identical; and we are of opinion that, under the provisions of the last-named act, the publication of notice for four consecutive weeks, etc., is not a condition precedent to the authority to make the assessment in cases where damages, consequent on the proposed improvement, are not included in the assessment as a part of the cost of the improvement.
Demurrer to answer sustained, judgment for plaintiff, and mandate to common pleas for execution.
Scott, Welch, White, and Day, JJ., concurred.